Because I am of the opinion that an affected person, who has standing, may challenge action taken by an administrative agency, without first exhausting statutory remedies, I must respectfully dissent.
The Honorable Alvin Prestwood, who chaired the committee responsible in large part for the passage of the Administrative Procedure Act, is of the opinion that the specific provisions of our Act give to a person with standing an election of remedies. In his amicus brief, he concludes:
 "The application of the exhaustion principles to section 10 certainly would not enhance the orderly progress of proceedings and judicial decisions under the APA. Section 11 should be left to its own sphere of operation, and section 10 should be allowed to serve its purposes unfettered. It is respectfully submitted that persons who want relief available only through section 11 should be required to adopt that route, and those seeking relief available only under section 10 should be left to that remedy. In those cases where an affected person had standing and sought relief available under either section, he should be allowed to elect which of the remedies he would explore. It seems that any other approach would create a monster which would, as a practical matter, haunt the courts for some time to come."
In the majority opinion, unfortunately, the majority selects a sentence from the commentary to § 41-22-10 which does state that "[d]eclaratory relief might be available even in the absence of this section of the Administrative Procedure Act. Nevertheless, this section appears to make the matter clear and to require that the petitioner exhaust his administrative remedies *Page 303 
before seeking judicial declaratory or injunctive relief."
Prestwood, in his brief, points out that this language in the commentary is "unfortunate," and I believe that to be the case. That sentence in the commentary is inconsistent with just about everything else set out in the commentary. For example, the other portion of the commentary to § 41-22-10, which is also quoted in the majority opinion, is consistent with my belief that the legislature intended to allow aggrieved parties, with standing, an election of remedies. That portion comments upon the general reluctance of state courts, in the absence of a section such as § 41-22-10, to grant declaratory or injunctive relief, as follows:
 " 'It is interesting to note a general reluctance on the part of state courts in the absence of a section such as this one, to grant declaratory or injunctive relief. As Professor Kenneth Culp Davis has noted:
 " 'The state courts often have been either unable or unwilling to copy from the federal courts what is especially splendid about the use of injunction and declaratory judgment, usually in combination, as general utility remedies for nonstatutory review of administrative action. The two remedies have been so successful in the federal courts that any informed observer would expect alert state judges to strive to copy the federal system, which has been achieved almost entirely through judicial action.' See generally, K. Davis, Administrative Law Text § 24.05, at 461 (3d ed. 1972)." (Emphasis added.)
Professor Davis commends the "splendid" procedure in the federal system which would allow "the use of injunction and declaratory judgment, usually in combination, as general utility remedies for nonstatutory review of administrativeaction." (Emphasis added.) As I read Professor Davis's comment, he is of the opinion that, even in the absence of a provision in an administrative procedure act which would authorize the use of injunction and declaratory judgment, "[t]he two remedies [injunction and declaratory judgment for nonstatutory review through the agency] have been so successful in the federal courts that any informed observer would expect alert state judges to strive to copy the federal system, which has been achieved almost entirely through judicial action." (Emphasis added.) That our Court has failed to construe our own Administrative Procedure Act to authorize specifically, under §41-22-10, the filing of a declaratory judgment action without first exhausting administrative remedies, I believe, is unfortunate. Consequently, I must respectfully dissent.